FOWLER BROS. & COX *v.* GROVER C. DAVIS.

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

#### 1. BULK SALES LAW. FRAUD.

In the absence of actual fraud in the sale of a stock of merchandise in bulk, and where the rights of creditors of the seller are not involved, noncompliance with the Bulk Sales Law does not render the sale void. (Post, p. 663.)

Citing: York v. Ambrose, 156 Tenn. (3 Smith), 314.

#### 2. BULK SALES LAW. FRAUD. COLLATERAL CONTRACT. INDEMNITY BOND.

When there was a sale of a stock of merchandise in bulk and the seller executed a bond to indemnify the buyer against claims of creditors of the seller and where it appears that the bond was given, not as a part of a fraudulent plan to defeat creditors, but rather to make certain the payment of all claims of creditors, the sureties on said bond cannot defeat an action thereon on the ground that such sale was fraudulent on account of the notice to creditors, required by the Bulk Sales Law, not having been given. (Post, p. 664.)

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— HON. ROBERT M. JONES, Chancellor.

CATE, SMITH, TATE & LONG, for complainant, appellee.

SMITH & CARLOCK, for defendant, appellant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Rogers & Company, incorporated, owned and operated a large number of retail merchandise stores, also a central distributing warehouse or storehouse in Knoxville, from which it supplied its retail stores. It proposed a sale to complainant of its stock of goods in this central warehouse on terms satisfactory to complainant, which included the payment out of the consideration of an indebtedness to complainant. Counsel for complainant conceived that the Bulk Sales Law (Chap. 133, Acts of 1901) applied and should be complied with. Counsel for Rogers & Company held to a different opinion, with the result that, to induce the closing of the transaction, and as an evidence that the seller had no intention of avoiding liability to its creditors, or affecting their rights protected under the Bulk Sales Law, a bond was offered, executed, and accepted with the defendant and an associate as sureties, to indemnify the purchaser against any claims of creditors. Subsequently, Rogers & Company failed and this Court held the Bulk Sales Act applicable and adjudged complainant liable to unpaid outstanding creditors of Rogers & Company.

Contemporaneously with the sale, and as a part of the transaction, a second bond, with the same sureties, was given to guarantee payment to complainant for certain merchandise, which Rogers & Company at the time entered into an agreement to purchase of complainant over a period of two years, for re-sale in its retail stores.

This suit was brought to enforce liability against the sureties on these two bonds. The co-surety of defendant Davis has satisfied his proportion of this liability, but Davis defended on the ground, in substance, that the sale having been held to come within the Bulk Sales Law was fraudulent in law and in fact, that the bonds grew out

of this transaction, were thereby tainted with fraud and therefore unenforceable. The Chancellor, adopting this view, dismissed the bill. The Court of Appeals, while recognizing the principle that a contract tainted with fraud is unenforceable, held that a sale without compliance with the Bulk Sales Law is void only as to creditors, and not as between the parties and unless the rights of creditors are affected.

Conceding that in this case these were creditors, that the sale was void as to them, and that complainant, the purchaser, became liable for these debts, which it has since paid, the court thus details the circumstances of the execution of the bonds and announces its conclusion.

"There was a genuine and sincere contention as to whether the sale under the circumstances and under the facts was within the Bulk Sales Law. The sale was not made, and the merchandise was not purchased by complainant with the view of defeating creditors of Rogers & Co., or with any intention of perpetrating a fraud. The very fact that Fowler Bros. & Cox required an indemnity bond was a recognition of the probable rights of creditors under the Bulk Sales Law to enforce their claims against the purchaser, and the bond was required and given for the purpose of indemnifying complainant as the purchaser against any loss for any amounts it may have to pay creditors. The creditors' rights were in fact protected by this bond, since it appears that Fowler Bros. & Cox were well able financially to pay the creditors in the event there were creditors who had just claims. This is not now a controversy between creditors and Rogers & Co., or Fowler Bros. & Cox. The bond taken to indemnify Fowler Bros. & Cox was not given or accepted for the purpose of perpetrating any

fraud on any creditors of Rogers & Co. . . . Fow-
ler Bros. & Cox fully complied with the terms of sale.
It paid to Rogers & Co. the purchase price for the stock
of merchandise. Defendant Davis was the then presi-
dent of Rogers & Co., and was active in all the nego-
tiations, including the execution of the two bonds sued
on in his capacity as president of Rogers & Co., and also
became the personal surety or guarantor for the per-
formance by Rogers & Co., of the contract, with full
knowledge and understanding of the entire facts and
circumstances of the transaction. We are of the opin-
ion that this case is controlled by the opinion of the
Supreme Court in the case of *York* v. *Ambrose,* and
think the learned Chancellor was in error in denying the
relief sought by complainant, and in dismissing its bill."

In this view we concur. The opinion of Mr. Justice
COOK, in the case referred to of *York* v. *Ambrose,* 156
Tenn., 314, was handed down pending the appeal from
the Chancellor, and was therefore not before him. In
that opinion previous opinions of this Court discussing
the Bulk Sales Law are reviewed and distinguished, em-
phasis being properly placed on the language of the act
itself declaring that all sales of merchandise in bulk
without notice to creditors "shall be presumed to be
fraudulent and void *as to the creditors of the seller.*"
This Court said:

*(1)* "The Act merely declares the sale of goods in
bulk without notice fraudulent in law and void as against
creditors. To go further and give it the effect of ren-
dering all contracted, would extend the force of the
statute beyond the clear meaning of the language used
and give it a force violative of well-known constitutional
inhibitions. In the absence of actual fraud and where

rights of creditors of the seller are not involved, non-compliance with the act does not render the sale void."

(2) If this is true of a sale, certainly it must be even more clearly true of incidental and collateral agreements between the parties such as the bonds before us, executed under the circumstances and conditions described in the foregoing excerpt from the opinion of the Court of Appeals, from which it plainly appears that these bonds were given, not as a part of a fraudulent plan to defeat creditors, but rather to make certain the payment of all claims of creditors.

It results that the decree of the Court of Appeals is affirmed.